FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 1 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-42 (JBW) |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| REGINE MAYALA | |
| Defendant. | |

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F. 3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 8, 2008, Regine Mayala pled guilty to count one of a two-count indictment, which charged that between March 2002 and May 2003, Mayala and others executed a scheme to defraud and obtain money owned by and under the custody and control of a financial institution, Xcel Federal Credit Union, in violation of 18 U.S.C. § 1344.

Mayala was sentenced on March 19, 2009. At sentencing, the court found the total offense level to be ten, and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between six and twelve months. The offense carried a maximum term of imprisonment of thirty years and a maximum fine of $1,000,000. See 18 U.S.C. § 1344. The guidelines range of fine was from $2,000 to $20,000. All open charges were dismissed upon motion by the government.

Mayala was sentenced to time served and five years supervised release. She had served one day in custody on the date of her arrest. A $100 special assessment was imposed, payable forthwith. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. Restitution of $3,519.74, payable at $100 a month and beginning in six months, was imposed. The defendant would be unable to pay the full amount of restitution immediately.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). In view of the defendant's unique situation, a sentence below the guideline range is appropriate in this case. While it does not excuse her conduct, Mayala was

in an emotionally and physically abusive relationship with Jacques Lacroix, the mastermind of the bank fraud scheme, at the time of the offense. Mayala is the primary caregiver for her son, who, while bright, has emotional problems that require psychiatric treatment. The defendant has a need for educational training that would be better accomplished outside of prison.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because Mayala facilitated bank fraud and caused losses to innocent victims. The defendant has accepted responsibility for her actions and is committed to caring for her young child. A sentence of time served reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). The court also notes that, due to poor coordination between federal and state authorities, the main culprit, Jacques Lacroix, was not brought to justice in this case. Lacroix was prosecuted in the state system and received a sentence of probation.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is achieved by sending a message that bank fraud will result in substantial punishment. Specific deterrence is not required in this case. The defendant has shown the ability to find work, and it is unlikely that she will engage in further criminal activity in light of her family responsibilities and the aberrant nature of this crime.

Jack B. Weinstein
Senior United States District Judge

Dated: March 26, 2009
Brooklyn, New York

3